UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

'03 DEC -9 A 10: 30

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| ESTES EXPRESS LINES, INC., ) | |
| ) | |
| *Plaintiff* ) | CIVIL ACTION |
| v. ) | NO. |
| ) | |
| HI SEAS INDUSTRIES, INC., ) | 03-30299-MAP |
| ) | |
| *Defendant* ) | |

**COMPLAINT**

FILING FEE PAID:
RECEIPT # 30544
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 12/9/03

**Parties, Jurisdiction and Venue:**

1. The plaintiff, Estes Express Lines, Inc. ("Estes"), is a corporation organized and existing under the laws of the State of Virginia and maintains its principal office and place of business at 3901 West Broad Street, Richmond, Virginia 23230.

2. Estes operates as an interstate motor carrier of property and at all times pertinent hereto was and is subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA"), the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 13101, *et seq.*, and the rules, regulations and orders promulgated thereunder.

3. The defendant, Hi Seas Industries, Inc. ("Hi Seas"), upon information and belief, is a corporation having an office and place of business at 17 East Street, Stockbridge, Berkshire County, Massachusetts.

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1337 in that this action involves the collection of interstate transportation (freight) charges for a series of shipments moving in interstate commerce pursuant to the ICCTA, 49 U.S.C. §§ 13706 and 13710, as hereinafter more fully appears.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the defendant, Hi Seas, has an office in this district and the interstate shipments of goods transported by Estes that are the subject of this Complaint were billed to Hi Seas's place of business in this district.

**Factual Allegations:**

6. Between July 2003 and September 2003 Estes transported eighteen (18) shipments of freight for Hi Seas in interstate commerce (the "shipments"), from Hi Seas's facilities in Florida to various points in the United States pursuant to interstate bills of lading and corresponding discounted freight bills as summarized in **Exhibit A** hereto.

7. Hi Seas instructed Estes to send its freight bills for transporting Hi Seas's shipments to Hi Seas's Stockbridge, Massachusetts's address.

8. On or about the dates shown in Exhibit A, Estes sent its freight bills to Hi Seas in Stockbridge, Massachusetts, as instructed, for the freight charges due on each of the eighteen (18) shipments, in the total original, discounted amount of $26,945.22.

9. The freight charges and invoices described in Paragraphs 6 and 8 above were based upon and subject to the rates, rules, classifications and tariffs maintained by Estes and made available to Hi Seas in accordance with the provisions of the ICCTA and the regulations of the FMCSA thereunder.

10. Item 720 of Estes' Tariff, EXLA 105-G ("Item 720"), **Exhibit B** hereto, governs Hi Seas's shipments and provides as follows:

> All shipments upon which the lawfully applicable rates and charges are not paid in full within a thirty (30) calendar day period from date of invoice will be subject to the following late payment provisions.
> 1. The carrier will provide the debtor with written notification that the freight bill is past the thirty (30) day credit period.
> 2. The debtor of delinquent freight bills will accrue the following late payment penalty on each delinquent freight bill:
>
>    (a) A late payment penalty fee will applied to each delinquent freight bill, as follows:
>
>    LATE PENALTY FEE ……………………… 2.0%
>
>    MINIMUM PENALTY FEE (prior to 7/30/01)… $ 3.60 (per EXLA 105-F)
>
>    MINIMUM PENALTY FEE (after 7/30/01)…… $ 3.80 (per EXLA 105-G)
>
>    (b) The debtor will have up to fifteen (15) calendar days, from the date of notification, to present payment in full.
>
>    (c) Non-payment after this time period, will result in the debtor forfeiting all discounts shown on each freight bill.
>
> 3. If carrier elects to proceed with legal action or place delinquent charges with an outside collection agency, a thirty percent (30%) collection fee, calculated on the gross undiscounted charges, will be applied to each delinquent invoice.
>
> 4. The debtor will be the Consignor for PREPAID shipments; the Consignee for COLLECT shipments; or a third party as defined in Item 360-50 of this tariff.

11. At all times pertinent hereto Estes's rates, classifications, rules, practices and tariffs were available to Hi Seas upon request pursuant to 49 U.S.C. § 13710 (a)(1).

12. In spite of Estes' demands for payment, Hi Seas failed and refused to pay Estes' discounted freight bills.

13. By correspondence dated November 13, 2003, **Exhibit C** hereto, Estes notified Hi Seas of the removal of any discounts, pursuant to Item 720, and again demanded payment in full of its freight bills within fifteen (15) days.

14. Hi Seas nonetheless did not pay Estes's discounted freight bills as set forth in Exhibit A hereto, nor has Hi Seas paid anything to Estes, and has thereby invoked the loss-of-discount provisions in Item 720 of Estes's tariff described in Paragraph 10 above.

15. There is now due and owing to Estes from Hi Seas the sum of $50,948.36, representing the undiscounted freight charges due Estes, plus a 30% collection fee of $15,284.51, for a total of $66,232.87, all in accordance with Estes's interstate tariffs, plus pre- and post-judgment interest and costs.

## COUNT I
## (Interstate Freight Charges)

Estes repeats and realleges each of the allegations contained in paragraphs 1 through 15 of this Complaint as though separately set forth herein.

16. The matters complained of herein and the liability of defendant Hi Seas are predicated upon Estes's interstate transportation of Hi Seas's property pursuant to interstate bills of lading, invoices and freight bills, and the rates, rules, classifications and tariffs incorporated by those documents and maintained by Estes.

17. Estes has performed all the terms and conditions set forth in the bills of lading for the eighteen (18) interstate shipments described in Paragraph 6 above which it was required to perform, and there is now due Estes from Hi Seas, owing and unpaid, the sum of $50,948.36 plus a

30% collection fee of $15,284.51, for a total of $66,232.87, for interstate transportation (freight) charges as aforesaid.

18. Despite Estes's demands upon Hi Seas for payment, Hi Seas has failed and refused to pay Estes for these eighteen (18) interstate freight bills.

19. Estes is therefore entitled to and hereby demands judgment against Hi Seas in the sum of $66,232.87 pursuant to Item 720 of its interstate tariff, plus interest, costs and such other relief as may be appropriate.

WHEREFORE, plaintiff Estes Express Lines, Inc. prays that the Court enter judgment against defendant Hi Seas Manufacturing, Inc. in the amount of $66,232.87, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

### COUNT II
### (Breach of Contract)

Estes repeats and realleges each of the allegations contained in paragraphs 1 through 19 of this Complaint as though separately set forth herein.

20. On or about the dates listed in Exhibit A hereto, pursuant to the request of Hi Seas and in accordance with the terms of interstate bill of lading contracts, Estes transported and delivered forty-eight (48) interstate shipments of freight on behalf of Hi Seas, as aforesaid.

21. The interstate bill of lading contracts provided that Hi Seas would pay Estes for its transportation services in accordance with Estes' effective rates, rules, classifications and tariffs.

22. Hi Seas breached the bill of lading contracts by failing and refusing to pay Estes the amounts due, despite Estes's demands and Hi Seas's obligation to pay them.

23. As a result of Hi Seas's breach of the bill of lading contracts, Estes has been damaged in the sum of $66,232.87.

24. Estes is therefore entitled to and hereby demands judgment against Hi Seas in the sum of $66,232.87, and for such other relief as may be appropriate.

WHEREFORE, plaintiff Estes Express Lines, Inc. prays that the Court enter judgment against defendant Hi Seas Manufacturing, Inc. in the amount of $66,232.87, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

### COUNT III
### (Quantum Meruit)

Estes repeats and realleges each of the allegations contained in paragraphs 1 though 24 of this Complaint as though separately set forth herein.

25. Estes rendered to Hi Seas valuable interstate transportation services for which Hi Seas promised to pay the reasonable value thereof, and which it knew or should have known it would be expected to pay for.

26. The reasonable value of the interstate transportation services performed by Estes for the benefit of Hi Seas is $50,948.36, none of which has been paid, and Hi Seas has accordingly been unjustly enriched in the amount of at least $50,948.36.

27. Hi Seas has failed and refused to pay Estes the amount due, despite Estes's demands and Hi Seas's obligation to pay it.

28. Estes is therefore entitled to and hereby demands judgment against Hi Seas in the sum of $50,948.36, plus a 30% collection fee, interest and costs for the reasonable value of the services rendered to Hi Seas, and for such other relief as may be appropriate.

WHEREFORE, plaintiff Estes Express Lines, Inc. prays that the Court enter judgment against defendant Hi Seas Manufacturing, Inc. in the amount of $66,232.87, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

ESTES EXPRESS LINES, INC.

By its attorney,

December 8, 2003

_____
Wesley S. Chased (BBO# 083520)
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110
617-951-2800
617-951-2819

A

Case 3:03-cv-30299-KPN    Document 1    Filed 12/09/2003    Page 8 of 15

DATE: 11/12/2003

```
                                    ESTES EXPRESS LINES                    TIME: 15:52:08
                         CUSTOMER #:  063610    CUSTOMER NAME: HI SEAS INDUSTRIES INC     PAGE: 1
                                Account Detail Report for Aging Break                Program: RAR760
```

| Adj/BD | Pro Number | Statement Date | Billed Amount | Freight Bill Dt | Statement Number | Bol# | Po# | Terms | Balance Due | Number P/D |
|---|---|---|---|---|---|---|---|---|---|---|
| 046 | 0888076 | 9/18/03 | 5750.96 | 9/04/03 | 09391231 | NS | NS | PPD | 5750.96 | |
| 046 | 0900701 | 8/05/03 | 176.99 | 7/31/03 | 09283832 | 26895 | NS | PPD | 176.99 | |
| 046 | 0913976 | 8/13/03 | 164.65 | 8/08/03 | 09311924 | NS | NS | PPD | 164.65 | 1 |
| 046 | 0913977 | 8/13/03 | 263.20 | 8/08/03 | 09311924 | NS | NS | PPD | 263.20 | 1 |
| 046 | 0913990 | 8/15/03 | 648.61 | 8/12/03 | 09321228 | NS | NS | PPD | 648.61 | 1 |
| 046 | 0914005 | 8/21/03 | 176.43 | 8/18/03 | 09339774 | 3230 0347 | NS | PPD | 176.43 | 1 |
| 046 | 0925765 | 9/04/03 | 298.59 | 8/29/03 | 09377040 | NS | 26979 | PPD | 298.59 | |
| 046 | 0928270 | 9/19/03 | 3380.81 | 9/09/03 | 09405480 | NS | NS | PPD | 3380.81 | |
| 046 | 0928271 | 9/12/03 | 311.87 | 9/09/03 | 09405480 | NS | NS | PPD | 311.87 | |
| 046 | 0933451 | 9/24/03 | 4340.26 | 9/08/03 | 09400749 | NS | NS | PPD | 4340.26 | |
| 046 | 0937284 | 9/05/03 | 710.14 | 9/02/03 | 09381930 | NS | NS | PPD | 710.14 | |
| 046 | 0937286 | 9/08/03 | 3414.87 | 9/03/03 | 09386556 | NS | NS | PPD | 3414.87 | |
| 046 | 0937292 | 9/18/03 | 4559.26 | 9/05/03 | 09396106 | NS | NS | PPD | 4559.26 | |
| 046 | 0946913 | 7/28/03 | 238.93 | 7/23/03 | 09255423 | NS | NS | PPD | 238.93 | |
| 049 | 0951163 | 8/05/03 | 140.12 | 7/31/03 | 09283832 | SQSTPUS0007592 | F920021113 | COL | 140.12 | 1 |
| 049 | 0980084 | 9/04/03 | 1857.77 | 8/29/03 | 09377040 | 07532793935 | NS | PPD | 1857.77 | 1 |
| 069 | 0046807 | 8/05/03 | 189.07 | 7/31/03 | 09283832 | NS | NS | COL | 189.07 | 1 |
| 069 | 0050022 | 8/07/03 | 342.69 | 5/25/03 | 09062652 | NS | NS | PPD | 342.69 | 1 |

Total Due: 26945.22
Total # BILLS: 18

For Internal Use Only S 1 11121999 11122003
Q = PENDING

B

**TARIFF EXLA 105-G**
Cancels
TARIFF EXLA 105-F



**ESTES**
EXPRESS LINES

MC-97275

# RULES AND REGULATIONS

BETWEEN POINTS IN
THE UNITED STATES

AND

BETWEEN POINTS IN
THE UNITED STATES AND
POINTS IN THE PROVINCES OF CANADA

Applies on Interstate, Intrastate and Foreign Commerce.

For governing publications, see Item 100.

**EFFECTIVE JULY 30, 2001**

ISSUED BY

**PRICING DEPARTMENT**
3901 WEST BROAD STREET
RICHMOND, VA 23230-3962

(COMPILED AND PRINTED BY SMC³, PEACHTREE CITY, GA (770) 486-5975)

RULES--GENERAL

ITEM 710-160 | ITEM 710-160
PALLETS - RETURN OF
(Except marine type or intermodal containers designed for highway use on wheels)
Except as specifically provided, carriers will not perform free return of containers, pallets, platforms, racks, reels or skids.

ITEM 720 | ITEM 720
PAYMENT OF CHARGES
All shipments upon which the lawfully applicable rates and charges are not paid in full within a thirty (30) calendar day period from date of invoice will be subject to the following late payment provisions.
1. The carrier will provide the debtor with written notification that the freight bill is past the thirty (30) day credit period.
2. The debtor of delinquent freight bills will accrue the following late payment penalty on each delinquent freight bill:
   (a). A late payment penalty fee will be applied to each delinquent freight bill, as follows:
        LATE PENALTY FEE .................................................. 2.0%
        MINIMUM PENALTY FEE ............................................... $◆ 3.80
   (b). The debtor will have up to fifteen (15) calendar days, from the date of notification, to present payment in full.
   (c). Non-payment after this time period, will result in the debtor forfeiting all discounts shown on each freight bill.
3. If carrier elects to proceed with legal action or place delinquent charges with an outside collection agency, a thirty percent (30%) collection fee, calculated on the gross undiscounted charges, will be applied to each delinquent invoice.
4. The debtor will be the Consignor for PREPAID shipments; the Consignee for COLLECT shipments; or a third party as defined in Item 360-50 of this tariff.

ITEM 720-50 | ITEM 720-50
PAYMENT OF CHARGES--VIA GITC
All shipments upon which the lawfully applicable rates and charges are not paid in full within a thirty (30) calendar day period from date of invoice will be subject to the following late payment provisions.
1. If the carrier retains an outside collection agency and/or must litigate the matter in a court of law to effect collection, the freight charges to be collected will be those resulting from the application of the full (undiscounted) class (not exception) rates that are in effect at the time the shipment was tendered to the carrier.
2. Such freight charges shall be based on the carrier's generally applicable class rates and shall remove the application of discounts, percentage expressions, class exceptions, freight-all-kinds applications, commodity rates, non-standard rate scales, mileage rates, per vehicle rates, accessorial waivers and reductions, and any other type of reduction in the price charged to the customer. Shipments already rated at full undiscounted rates shall be subject to an additional charge equal to 30% of the total charges.

ITEM 740 | ITEM 740
PERMITS--SPECIAL
Any shipment which, due to size (height, width or length), shape or weight, requires special permits from the State Highway Department or Departments of States, or Cities or Municipalities in which the shipment is being transported, will be subject to the following:
1. The purchase cost of such permits, and all other expenses necessary to secure such permits, and all bridge, ferry, highway, tunnel or other public charges of like nature, which are incurred in the handling of any such shipment, which would not normally be required on shipments not requiring permits, will be paid by the carrier and collected as follows:
   (a). All such expenses or charges shall be collected from the Shipper or party requesting the movement of the shipment, plus a service charge per vehicle, per state in which permits are procured, of ................................................ $◆ 75.20
   (b). Except for the per vehicle, per state, service charge for each permit, shown in Paragraph 1(a) above, evidence of payment of all other charges provided for above, shall be furnished to Shipper or party requesting movements of the shipment upon request.
   (c). When a shipment requires more than one vehicle, charges provided herein do not apply to vehicles which do not contain articles or commodities requiring such permits.
2. Any shipment which, due to size, shape or weight, requires a flagman or flagmen to accompany the vehicle, the rates in Paragraphs 2(a) and 2(b), below, will be charged to the Shipper or party requesting movement of the freight:
   (a). For each flagman accompanying the vehicle in or on which the shipment is being transported, will be subject to a CHARGE PER HOUR (See NOTE A) of ................ $◆ 38.10
   (b). For each flagman as escort in a vehicle, other than the vehicle in or on which the shipment is being transported, will be subject to a CHARGE PER HOUR (See NOTE B) per each such other vehicle with flagman of ............................................. $◆ 45.55

- - - - -

NOTE A--Time will be computed from time flagman reports for duty at point and time designated by the Shipper or party requesting movement of the shipment, until released, but not to exceed 16 hours in any one day.
NOTE B--Time will be computed from time vehicle with flagman leaves carrier's terminal nearest point of origin until return to such terminal, but not to exceed 15 hours in any one day.

For Explanation of Abbreviations and Reference Marks, see Item 125.

C



**EXPRESS LINES**

November 13, 2003

Mr. John Kaiser

Hi Seas Industries, Inc.
P O Box 1314
Stockbridge, MA. 01262

General Office:
3901 West Broad Street
Richmond, VA 23230-3962

Mailing Address:
P.O. Box 25612
Richmond, VA 23260-5612

Phone: 804/353-1900
Fax: 804/353-8001
www.estes-express.com

An ExpressLINK Carrier

Account #  0636180

This is your official notification of the EXLA Tariff Item 105-I, Item 720, which allows removal of any discount on delinquent unpaid bills over thirty (30) days old.

Your company has been contacted through various means requesting remittance, but your lack of payment has forced us to advise you of our published rules and regulations for collection of delinquent freight charges. This tariff is only in effect upon notification to the debtor. You have now been notified.

Please be advised if payment in full is not received within fifteen (15) days of the date of this letter, your discount will be forfeited and your account will be turned over to our legal department for further collection efforts.

Regards,

Dawn B. Jenkins
Supervisor
Collections
X 2328

\*Be advised your account has been placed on NO CHARGE

CC:  Betty Reed, Director of Credit

Encl.
Collections fax # 804 359 3172
E-Mail: djenkins@estes-express.com

# ESTES EXPRESS LINES

**General Office:**

3901 West Broad Street

Richmond, VA 23230-3962

**Mailing Address:**

P.O. Box 25612

Richmond, VA 23260-5612

Phone: 804/353-1900

Fax: 804/353-8001

www.estes-express.com

An ExpressLINK Carrier

November 13, 2003

Mr. John Kaiser

Hi Seas Industries, Inc.
P O Box 1314
Stockbridge, MA. 01262

Account #   0636180

This is your official notification
which allows removal of any d
(30) days old.

Your company has been conta
remittance, but your lack of pa
published rules and regulation
charges. This tariff is only in e
have now been notified.

Please be advised if payment
days of the date of this letter,
account will be turned over to
efforts.

Regards,

Dawn B. Jenkins
Supervisor
Collections
X  2328

CC:  Betty Reed, Director of Cre

Encl.
Collections fax # 804 359 3172
E-Mail: djenkins@estes-express.com



SERVICE IS WHAT OUR PEOPLE DELIVER